FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2013 OCT 16 PM 1: 46

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

LINDA OATIS and CAL K. OATIS,

    Plaintiffs,

v.

JAMES LAYFIELD and TRACIE
MCCORMICK, INC., a Foreign corporation,

    Defendants.

_____/

CASE NUMBER:

5:13-cv-505-OC-10PRL

## NOTICE OF REMOVAL

Defendants, JAMES LAYFIELD ("Layfield") and TRACIE MCCORMICK, INC. ("Tracie McCormick"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b)(1), hereby remove this cause from the Circuit Court of the Fifth Judicial Circuit in Marion County, Florida, Case No. 42-2013-CA-002401, to the United States District Court for the Middle District of Florida, Ocala Division. In support thereof, Defendants state:

1. This action arises from a motor vehicle accident that took place in Marion County, Florida, on June 30, 2010. On July 1, 2013, Plaintiffs, LINDA OATIS and CAL K. OATIS ("Plaintiffs"), filed this civil action against Layfield and Tracie McCormick in the Fifth Judicial Circuit in Marion County, Florida, Case No. 42-2013-CA-002401. A copy of the Summones and Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff's Complaint fails to indicate the domicile of either Plaintiffs or Defendants, and it generally alleges damages in excess of $15,000.00.

2.  Plaintiffs served Interrogatories upon Layfield concurrently with the Complaint. A copy of Plaintiffs' Interrogatories to Layfield are attached as **Exhibit 2**. Defendant Layfield responded to those Interrogatories on September 11, 2013. In his response, Layfield stated that he has lived in the State of Georgia for the past ten years. A copy of Layfield's answer to Plaintiffs' Interrogatories is attached hereto as **Exhibit 3**.

3.  Defendant, Tracie McCormick, served Interrogatories upon Plaintiff, Linda Oatis, and Consortium Interrogatories upon Plaintiff, Cal K. Oatis. On September 19, 2013, Plaintiffs responded to those interrogatories, and indicated that they have lived in the State of Mississippi for the past ten years. A copy of Plaintiffs' answer to Interrogatories is attached hereto as **Exhibit 4**.

4.  On August 20, 2013, Defendant, Tracie McCormick, served Requests For Admissions on Plaintiff, Linda Oatis, and Plaintiff responded to those on September 16, 2013. In response, Plaintiff, Linda Oatis, admitted that she is seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. A copy of the Requests For Admissions and Plaintiff's response to same is attached hereto as **Exhibit 5**.

5.  The State court file is attached hereto as **Composite Exhibit 6**.

6.  This removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because less than 30 days have passed since Defendants received Plaintiff's response to Requests For Admissions, which is the first paper filed in this case indicating the amount in controversy, and because this removal is taken within one year of the commencement of suit.

7.  In accordance with 28 U.S.C. §1446(d), Defendants have served a copy of this Notice of Removal on the Plaintiff and the Clerk of the Fifth Judicial Circuit in Marion County, Florida. Attached hereto as **Exhibit 7** is a copy of the Notice of Filing Notice of Removal.

2

8. Removal is authorized by 28 U.S.C. § 1441, and is based on this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### Diversity of Citizenship

9. For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .' " *Id.* (*quoting Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). In cases like this one, a corporation is considered a citizen of any State in which it has been incorporated and of the State where it has its principle place of business. *See* 28 U.S.C. § 1332(c)(1).

10. Plaintiff, Linda Oatis, has been domiciled in Clinton, Mississippi for the past ten years. *See* **Exhibit 4**, Linda Oatis' response to Defendant's Interrogatory No. 1.

11. Plaintiff, Cal K. Oatis, also has been domiciled in Clinton, Mississippi for the past ten years. *See* **Exhibit 4**, Cal. K. Oatis' response to Defendant's Consortium Interrogatory No. 1.

12. Defendant Layfield has been domicile in Georgia from 2006 through the present. *See* **Exhibit 3**, Layfield's response to Plaintiffs' Interrogatory No. 2.

13. Defendant Tracie McCormick is a corporation organized under the laws of the State of Tennessee, and its principle place of business is in the State of Tennessee. Thus, it is domiciled in Tenessee. *See* Tracie McCormick's affidavit attached hereto as **Exhibit 8**.

14. Complete diversity of citizenship exists between all Plaintiffs and all Defendants for purposes of establishing this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *See*

*Palmer v. Hosp. Authority of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

### Amount in Controversy

15. The amount in controversy exceeds the jurisdictional sum of $75,000, exclusive of interests and costs.

16. In the Complaint, the Plaintiffs allege general damages in excess of $15,000.00. *See* Complaint at ¶ 1. While that amount by itself does not prove the amount in controversy is over the $75,000 jurisdictional threshold, the Complaint, coupled with Plaintiff, Linda Oatis', response to requests for admissions is sufficient to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

17. Thus, the amount in controversy for diversity jurisdiction is satisfied, the parties are diverse, and the action is removable to federal court.

### MEMORANDUM OF LAW

A defendant may remove a civil action brought in state court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The Plaintiffs' Complaint alleges entitlement to non-specified damages. Where a complaint alleges unspecified damages and does not support the amount in controversy requirement, the thirty-day removal period provided for in 28 U.S.C. § 1446(b) begins to run only upon a defendant's receipt of an "other paper" after the institution of the action. 28 U.S.C. §1446(b); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001); *Essenson v. Coale*, 848 F. Supp. 987, 989-90 (M.D. Fla. 1994); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Plaintiff's responses to requests for admissions qualifies as an "other paper," triggering the thirty-day removal period provided for in 28 U.S.C. § 1446(b). *See Wilson v. Gen. Motors*

*Corp.*, 888 F.2d 779, 782 (11th Cir. 1989) (concluding that responses to requests for admissions constituted a "paper from which it [was] first ascertained that the case [was] one which is or has become removable" (citing 28 U.S.C. 1446(b))); *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1244 (M.D. Ala. 2008) (stating that admission responses constitute an "other paper" within the meaning of § 1446(b)). Because Defendants are removing this case within thirty days of September 16, 2013, the date they received Ms. Oatis' response to requests for admissions, this removal is timely. The diversity and amount in controversy requirements are also satisfied; thus, this Court has jurisdiction over this action.

## CONCLUSION

Based on the general damage allegations within Plaintiffs' Complaint, Plaintiffs' response to interrogatories, and Plaintiff's response to requests for admissions, a preponderance of the evidence shows that the parties are diverse and that the amount in controversy exceeds the jurisdictional requirement.

WHEREFORE, Defendants, James Layfield and Tracie McCormick, Inc., respectfully request that this case be entered upon the docket of the United States District Court for the Middle District of Florida, Ocala Division.

    Respectfully Submitted,

    */s/ Kristen Chittenden*
    TIMON V. SULLIVAN, ESQUIRE
    Florida Bar Number: 283010
    TSullivan@ogdensullivan.com
    KRISTEN CHITTENDEN, ESQUIRE
    Florida Bar Number: 0086741
    kchittenden@ogdensullivan.com
    OGDEN & SULLIVAN, P.A.
    113 South Armenia Avenue
    Tampa, FL 33609-3307
    Tel: (813) 223-5111; Fax: (813) 229-2336
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to Dock A. Blanchard, Esq., Blanchard, Merriam, Adel & Kirkland, P.A., P.O. Box 1869, Ocala, FL 34478, Dblanchard@bmaklaw.com; Jrose@bmaklaw.com; Rrubinger@bmaklaw.com on this 15 day of October, 2013.

/s/ *Kristen Chittenden*
TIMON V. SULLIVAN, ESQUIRE
Florida Bar Number: 283010
TSullivan@ogdensullivan.com
KRISTEN CHITTENDEN, ESQUIRE
Florida Bar Number: 0086741
kchittenden@ogdensullivan.com
OGDEN & SULLIVAN, P.A.
113 South Armenia Avenue
Tampa, FL 33609-3307
Tel: (813) 223-5111; Fax: (813) 229-2336
Attorneys for Defendants James Layfield and Tracie McCormick, Inc.