IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL
CIRCUIT IN AND FOR MARION COUNTY, FLORIDA

LINDA OATIS and CAL K. OATIS,

      Plaintiffs,

vs.

JAMES LAYFIELD and TRACIE
MCCORMICK, INC., a Foreign corporation,

      Defendants.

_____/

CASE NO.

5:13-cv-505-Oc-10PRL

## COMPLAINT

The Plaintiffs, Linda Oatis and Cal K. Oatis, sue the Defendants, James Layfield and

Tracie McCormick, Inc. ("McCormick"), and allege as follows:

### GENERAL ALLEGATIONS

1.     This is a claim for damages in excess of $15,000.00.

2.     On or about June 30, 2010, James Layfield ("Layfield") was the driver of a semi-

tractor trailer truck (commercial vehicle) and was, at all times, acting within the course and scope

of his employment with McCormick.  Layfield was, at all times, driving with the permission and

consent of McCormick.

3.     At all material times, Layfield was obligated to comply with the Federal Motor

Carrier Safety Regulations ("FMCSR") and Florida Statute §316.302, for the purposes of

maintaining safe motoring conditions for the public using the highways and roads, including

Linda Oatis.  Layfield violated the FMCSR and Florida Statute §316.302 as follows:

a.     Failure to maintain a safe lookout

b.     Following too closely for the speed

c.     Driving carelessly

4.     On or about June 30, 2010 at approximately 7:45 a.m., with the permission of McCormick and while in the course and scope of employment with McCormick, Layfield was driving a commercial semi-tractor truck with trailer in the outside, southbound lane of Interstate 75, approximately two miles north of the State Road 326 interchange.

5.     At that time and place, Layfield so negligently operated the semi tractor as to cause it to come in contact with the left rear corner of a trailer being towed by a vehicle being driven by Linda Oatis.

6.     Layfield just prior to the collision, attempted to take evasive action to the left, immediately prior to impact.  This caused the right front bumper of the semi tractor being driven by Layfield to make contact with the left rear of the trailer being towed by Oatis.  This caused a rotation of the trailer being towed by Oatis in a clockwise direction.  The impact drove the trailer being towed by Oatis forward, dislodging it from the chassis and pushing the right front corner of the trailer into the tailgate of the pickup truck being driven by Oatis.

7.     At this time and place, Layfield failed to maintain a safe lookout while operating his tractor trailer.  Just prior to the impact, Layfield was traveling at a speed in excess of 65 miles per hour.

8.     Layfield was, at all material times, acting within the course and scope of employment with McCormick, and had the duty to act with reasonable care so that the semi tractor being driven by him would not collide with the trailer being towed by Oatis.

9.     As a direct and proximate result of Layfield's negligence, the collision occurred and Linda Oatis suffered bodily injury and resulting pain and suffering, disability, disfigurement,

2

mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing in nature, and Linda Oatis will suffer losses in the future.

WHEREFORE, the Plaintiff, Linda Oatis, demands judgment against Defendant, James Layfield, for compensatory damages as set forth herein, as well as costs and such other relief as this Court deems necessary and proper. Linda Oatis further demands trial by jury on all issues so triable.

### COUNT II

10.     Plaintiff realleges paragraphs 1 through 9 herein.

11.     At all material times, Cal K. Oatis was the husband of Linda Oatis.

12.     As a direct and proximate result of the injuries to his wife, Linda Oatis, Cal K. Oatis has suffered the loss of the care, comfort, support, and consortium of his wife.

WHEREFORE, Cal K. Oatis, demands judgment for compensatory damages, costs and such other relief as this Court may deem proper and demands trial by jury on all issues so triable.

### COUNT III
### VICARIOUS LIABILITY OF DEFENDANT, TRACIE McCORMICK, INC.

13.     Plaintiff realleges paragraphs 1 through 12 herein.

14.     Defendant, McCormick, was at all material times, Layfield's employer, and Layfield was operating the semi tractor within the scope and course of employment with McCormick, and McCormick is liable for the negligence of Layfield and for the collision described herein above and resulting injuries and claims of Oatis.

3

15.   As a result of the negligence of Layfield, while acting in the course and scope of his employment with McCormick, Linda Oatis suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing in nature, and Linda Oatis will suffer losses in the future.

WHEREFORE, the Plaintiffs, Linda Oatis and Cal K. Oatis, demand judgment against Defendant, Tracie McCormick, Inc., for compensatory damages as set forth herein, as well as costs and such other relief as this Court deems necessary and proper. Plaintiffs further demand trial by jury on all issues so triable.

BLANCHARD, MERRIAM,
ADEL & KIRKLAND, P.A.

By: _____
DOCK A. BLANCHARD, ESQ., B.S.C.
Civil Trial/Appellate
Post Office Box 1869
Ocala, Florida 34478
Phone: 352/732-7218
Fax: 352-732-0017
Dblanchard@bmaklaw.com
Jrose@bmaklaw.com
Rrubinger@bmaklaw.com
Florida Bar Number: 172170
Attorneys for Plaintiff

4